THE STATE, THE RAHWAY SAVINGS INSTITUTION, PROSE-
CUTOR, v. THE COMMON COUNCIL OF THE CITY OF RAH-
WAY.

The operation of a *mandamus* against the city council being arrested after
its service, by an arrangement made between the council and the party
obtaining the *mandamus*, the council will not be attached for failing
to obey the *mandamus*.

Application for attachment.

Argued at November Term, 1887, before Justices DEPUE,
VAN SYCKEL and KNAPP.

For the relator, *B. A. Vail.*

For the defendants, *Garret Berry.*

The opinion of the court was delivered by

VAN SYCKEL, J. On the 10th day of May, 1887, this
court sent a *mandamus* to the common council of the city of
Rahway, commanding that the sum of $5000 be put in the
tax levy for that year to pay to the Rahway Savings Institu-
tion the interest on the water bonds held by it. The *manda-
mus* was duly served June 16th, 1887. On the 9th of June
the savings bank made to the city council an offer of compro-
mise on the said bonds, conceding a very material reduction in
the accrued interest, and a reduction of the future interest from
seven to four per cent. per annum. The common council
agreed to accept this proposition in a modified form, and on
the 5th of July ordered that adjustment bonds of the city be
issued to effect the compromise.

On the 12th day of July the common council received from
the savings bank a written communication stating that the
Chancellor had appointed a master to ascertain and report
whether it was advisable for the bank to compromise the

water bonds of the city, and that until such report was made it would be improper for the bank to make or entertain any offer of compromise, wherefore the common council would consider the offer of June 9th withdrawn.

After the service of the *mandamus* the council passed the tax ordinance without including in it the aforesaid sum of $5000 or any part thereof.

On the 25th of July the members of the common council were ordered to show cause why they should not be attached for contempt in refusing to obey the *mandamus*. The application now is for such attachment.

It seems clear to us that this application must be denied. After the service of the mandatory writ of this court the relators intervened and arrested its operation by submitting a proposition for amicable adjustment. That arrangement, if consummated, would have rendered compliance with the mandate of this court unnecessary. The matter remained for some time in the course of negotiation, and although the notice of July 12th withdrew the offer of compromise, the common council had a right to infer from the language of the notice that the offer to compromise would be renewed in such form as the Chancellor might deem advisable.

If the savings bank had given notice that it would insist upon immediate compliance by the council with the requirement of the *mandamus*, the aspect of the case would be different. In the absence of such notice the intention to be in contempt ought not to be imputed to the defendants.

The application should be refused, with costs.